UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MT. HAWLEY INSURANCE
COMPANY,

                              Plaintiff,

        – against –

SHREE AUM, LLC,

                              Defendant.

SHREE AUM, LLC,

                              Third-Party
                              Plaintiff,

        – against –

LANCASTER MCADEN WILLIS
SMITH COMPANY, THE INSURANCE
CENTER,

                              Third-Party
                              Defendant.

**OPINION & ORDER**

23-cv-05569 (ER)

RAMOS, D.J.:

        Mt. Hawley Insurance Company ("Mt. Hawley") brought suit against Shree Aum,

LLC ("Shree Aum") on June 29, 2023, seeking a declaration that it had validly rescinded

a commercial insurance policy that it had issued to Shree Aum in December 2019. Doc.

1. Shree Aum then filed a third-party complaint against the agent that Shree Aum used to

procure the insurance policy—Lancaster McAden Willis Smith Company, the Insurance

Center ("Lancaster")—alleging that Lancaster was negligent in procuring the policy for

Shree Aum. Doc. 11. Before the Court are two motions: (1) Shree Aum's motion to

dismiss pursuant to Federal Rule of Civil Procedure 19, and (2) Mt. Hawley's motion for

summary judgment. The Court also considers Shree Aum's request, set forth in its brief

in opposition to Mt. Hawley's motion for summary judgment, that the third-party action

against Lancaster be transferred to the District of Oklahoma if the Court grants Mt. Hawley's motion for summary judgment.

For the reasons set forth below, Shree Aum's motion to dismiss is DENIED and Mt. Hawley's motion for summary judgment is GRANTED. Lancaster and Shree Aum are also directed to file letter-briefs regarding Shree Aum's transfer request pursuant to the schedule set forth below.

## I.    BACKGROUND[1]

Shree Aum is a limited liability company that owned and operated a hotel in Tulsa, Oklahoma known as the "Knights Inn." Doc. 39 ¶ 1. Rajesh Patel is Shree Aum's sole member. *Id.* ¶ 2. On November 18, 2019, Shree Aum entered a "Security Services Agreement" with Response Protection LLC ("Response Protection") for the provision of security personnel and services at the Knights Inn. *Id.* ¶ 13; Doc. 37-6 at 7. The Agreement stated that "[a]ll security personnel [at the Knights Inn] shall be armed." Doc. 37-6 at 1; Doc. 39 ¶ 14.

Approximately one month later, on December 19, 2019, Shree Aum completed an application for commercial insurance, which Patel reviewed and signed.[2] *Id.* ¶¶ 3, 8. The application included various "Acord" forms, one of which was a "Hotel/Motel Supplemental Application." *Id.* ¶ 7. In that supplemental application, Shree Aum was asked, "Are there security guards on the property?" *Id.* ¶ 9. In response, Shree Aum checked "No." *Id.* ¶ 10; Doc. 37-4 at 16. The form also listed the following sub-questions: "Are they employees? subcontractors? provided by a private security company? Are they armed? or unarmed?" Doc. 39 ¶ 11; Doc. 37-4 at 16. Each of these sub-questions was followed by a checkbox, which Shree Aum left blank. Doc. 39 at ¶ 11; Doc. 37-4 at 16.

---

[1] Except where otherwise noted, the following facts are drawn from Mt. Hawley's and Shree Aum's Rule 56.1 statements and are deemed undisputed.

[2] The application listed Lancaster—who is not affiliated with Mt. Hawley—as Shree Aum's agent in connection with the application. Doc. 39 ¶¶ 4–5; Doc. 37-4 at 1; Doc. 37-5 at 10.

In response to the application, Mt. Hawley issued a commercial insurance policy to Shree Aum (the "Policy") that provided coverage from December 23, 2019, to December 23, 2020. Doc. 39 ¶ 15. The Policy included first-party property coverage for 1021 South Garnett Road—the Knights Inn's address. *Id.* ¶ 1, 16. It also included commercial general liability insurance subject to a $1 million per-occurrence limit, which applied solely to the hotel operated at the same address. *Id.* ¶¶ 17, 18.

Under Mt. Hawley's underwriting guidelines, assault and battery coverage must be excluded for "[r]isks that provide their own security (employed or under contract)." *Id.* ¶ 21. The guidelines also state that when assault and battery are excluded, firearms must also be excluded and "form RBGB 628 Exclusion Firearms must also be used." *Id.* ¶¶ 22, 23. Thus, had Shree Aum disclosed its use of subcontracted armed security guards, Mt. Hawley's underwriting guidelines would have required that the policy issued to Shree Aum—if issued at all—would have excluded assault and battery and firearms coverage. *Id.* ¶ 20. The Policy did not, however, contain any such exclusions. *Id.* ¶ 19.

On June 6, 2020—during the policy period—an armed guard employed by Response Protection shot and killed a guest at the Knights Inn on the hotel premises. *Id.* ¶ 24. The victim's estate ("the Estate") then sued Shree Aum, Patel, Response Protection, and the guard in Oklahoma state court. *Id.* ¶ 25. While the case was pending, Mt. Hawley issued a letter to Shree Aum stating that it was rescinding the Policy pursuant to New York Insurance Law section 3105.[3] *Id.* ¶ 30. As the basis for the recission, Mt. Hawley cited Shree Aum's answers—and non-answers—to the questions on the application regarding the presence of security guards on the property. *Id.* ¶ 30; Doc. 37-14 at 1–2. The letter stated that Shree Aum's statement and omissions in this regard represented "material misrepresentations" warranting rescission. Doc. 37-14 at 1. And it

---

[3] The Policy contains a "Service of Suit and Conditions Endorsement" that provides that "[a]ll matters arising hereunder including Questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules)." Doc. 37-8 at 54.

explained that rescinding the Policy "means that the policy is deemed to have never been issued, and that there is not coverage for any occurrence, claim, or suit within the policy period including in connection with the [shooting] incident."  Doc. 37-14 at 1.  Two days later, Mt. Hawley sent Shree Aum another letter, stating that although the "rescission of the [P]olicy remain[ed] in effect," it was agreeing to defend Shree Aum and Patel in the state court action.  Doc. 37-15 at 1.

The Estate voluntarily dismissed the state court action without prejudice in April 2022, *id.* ¶ 27, before recommencing the case in April 2023, *id.* ¶ 28; Doc. 37-13 at 1. The 2023 complaint asserted claims for negligence; negligent hiring, training, retention, and supervision; premises liability; and negligent use of force.  Doc. 39 ¶ 29.  The Estate also sought punitive damages.  *Id.*  Mt. Hawley is providing a defense for Shree Aum in that action.[4]  *Id.* ¶ 32.

## II.   PROCEDURAL HISTORY

Mt. Hawley filed this suit pursuant to the Court's diversity jurisdiction on June 29, 2023.[5]  Doc. 1.  In its complaint, Mt. Hawley alleged that Shree Aum misrepresented that it was not utilizing security guards on the premises in its insurance application, *id.* ¶¶ 14–17, and that Mt. Hawley would not have issued the same policy absent those misrepresentations.  *Id.* ¶¶ 19–20, 34–35.  As a result, Mt. Hawley claimed that it was entitled to rescind the Policy *ab initio* pursuant to New York Insurance Law section 3105. Shree Aum answered the complaint on June 21, 2024, Doc. 9, and filed a third-party complaint against Lancaster on June 27, 2024, alleging that Lancaster was negligent in obtaining insurance for Shree Aum, Doc. 11.  Mt. Hawley moved for summary judgment

---

[4]  Patel is not named as a defendant in the 2023 action.  Doc. 37-13 at 1.

[5]  Mt. Hawley previously filed a declaratory judgment action in the Southern District of New York against Shree Aum and Patel based on the same allegations on November 24, 2020.  *See* Doc. 1-3.  After the initial state court case was dismissed, Doc. 1-4, the parties agreed to dismiss the federal declaratory judgment action without prejudice to renewal, Doc. 1-5.

4

on July 3, 2025, Doc. 36, and Shree Aum cross-moved to dismiss the case pursuant to Rule 19 on July 18, 2025, Doc. 42.

## III.    DISCUSSION

### A.  Shree Aum's Motion to Dismiss

The Court first considers Shree Aum's motion to dismiss the case pursuant to Federal Rule of Civil Procedure 19.  Doc. 44 at 2.  Shree Aum argues that the Estate, as a tort victim of the insured, is a necessary party to action, and that Mt. Hawley's failure to join the Estate thus warrants dismissal.  Doc. 44 at 2.

#### 1.  Legal Standard

Rule 19 "sets forth a two-step test for determining whether the court must dismiss an action for failure to join an indispensable party." *Viacom International, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000).   "First, the court must determine whether an absent party belongs in the suit, *i.e.,* whether the party qualifies as a 'necessary' party under Rule 19(a)." *Id*.  An absent party is "necessary" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(a).  "If a party does not qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b)." *Viacom International*, 212 F.3d at 724.

If a party is "necessary" and joinder is not feasible, however, the court must determine whether the party is "indispensable" pursuant to Rule 19(b). *Id.* at 725.  In doing so, a court must look to "whether, 'in equity and good conscience,' the party is one

5

without whom the action between the remaining parties cannot proceed." *American Trucking Association, Inc. v. New York State Thruway Authority*, 795 F.3d 351, 357 (2d Cir. 2015) (quoting Fed.R.Civ.P. 19(b)). "If the court determines that a party is indispensable, then the court must dismiss the action pursuant to Rule 19(b)." *Viacom International*, 212 F.3d at 725. "Federal courts are extremely reluctant to grant motions to dismiss based on nonjoinder and, in general, dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result." *American Trucking*, 795 F.3d at 357 (quoting 7 Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 1609 (3d ed. 2015)).

      *2. Discussion*

      In arguing that the Estate is a necessary party, Shree Aum appears to invoke only Rule 19(a)(1)(B)(i). *See* Doc. 50 at 3 ("The outcome of the insurance coverage case will affect the interests of a non-party, the injured party, who should be made a party and be heard."). Pursuant to that provision, an absent party is necessary if it "claims an interest relating to the subject of the action" and proceeding in its absence "may . . . as a practical matter impair or impede [its] ability to protect the interest." Fed.R.Civ.P. 19(a)(1)(B)(i).

      Shree Aum argues that the Estate claims an interest relating to the subject of this action because the action "will determine whether Shree Aum will continue to be defended by Mt. Hawley as well as indemnified for any adverse judgment." Doc. 50 at 3. It posits that the Estate's ability to protect that interest may be impaired because "[i]f there were an adverse judgment in the Oklahoma [personal injury] action" and the Court concluded that Mt. Hawley was not required to defend and indemnify Shree Aum, Shree Aum "may have inadequate assets to cover either part or all of a judgment" or "seek bankruptcy protection [thus] making the judgment a futility." *Id.* at 4. In that case, Shree Aum contends, the Estate "would not be made whole." *Id.*

      In advancing this argument, Shree Aum does not cite to any cases in which an injured third party was held to be a necessary party to a coverage action brought by an

6

insurer pursuant to Rule 19(a). Instead, Shree Aum relies on several New York state cases that, in its view, "establish[] that a declaratory judgment on insurance coverage requires the joinder of both the tort victim and insured." Doc. 44 at 3.

But, even if those New York cases established that proposition as a matter of New York procedural law,[6] Shree Aum's reliance on state joinder law misunderstands the relevant inquiry. "[I]n a diversity case the question of joinder is one of federal law." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968) (citations omitted). Thus, while "state-law questions may arise in determining what interest the outsider actually has[,] . . . the ultimate question whether, given those state[-]defined interests, a federal court may proceed without the outsider is a federal matter." *Id.*

Applying that inquiry, the Court concludes that dismissal pursuant to Rule 19 is unwarranted. At bottom, Rule 19 only requires the joinder of parties if they are necessary. But here Shree Aum cannot show that Estate is a necessary party. That is so for two independent reasons.

First, the Estate is not a necessary party because it lacks any cognizable Rule 19 interest. Rule 19(a)(1)(B) requires "that the absent party claim a legally protected interest relating to the subject matter of the action." *ConnTech Development Co. v. University of Connecticut Education Properties, Inc.*, 102 F.3d 677, 682 (2d Cir. 1996) (emphasis

---

[6] The Court notes in that regard that the state cases on which Shree Aum relies hold that an insurer and insured are necessary parties in a coverage action brought by an injured party—not that an injured party is a necessary party in action between the insurer and insured. *See, e.g., Bello v. Employees Motor Corp.*, 240 A.D.2d 527, 527, 659 N.Y.S.2d 64 (1997) ("Where an injured party brings a declaratory judgment action to determine whether an insurance carrier is obligated to defend or indemnify its insureds, both the insurer and the insureds are necessary parties to the action."). The distinction is significant because while "parties to an insurance contract . . . may bring a declaratory judgment action against each other when an actual controversy develops concerning . . . issues arising from the insurance contract," an injured party's right to bring an action against an insurer under New York law is far more "limited." *See Lang v. Hanover Insurance Co.*, 820 N.E.2d 855, 857, 858 (N.Y. 2004). And even if New York joinder law conflicted with Rule 19, Shree Aum does not argue that Rule 19 is invalid under the Rules Enabling Act. Thus, under the *Erie* doctrine, any conflicting New York state law would not apply. *Berk v. Choy*, 607 U.S. ____, No. 24-440, 2026 WL 135974, at *6–7 (Jan. 20, 2026).

added) (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)). But, under New York law, "the estates of [the insured's alleged] victims, have no rights against the insurers unless and until, at the very least, a judgment is entered against the insureds in the underlying tort actions." *Clarendon Place Corp. v. Landmark Insurance Co.*, 182 A.D.2d 6, 9 (1st Dep't 1992). That is so because while New York insurance law "grants an injured party a right to sue the tortfeasor's insurer," it does so "only under limited circumstances—the injured party must first obtain a judgment against the tortfeasor, serve the insurance company with a copy of the judgment and await payment for 30 days." *Lang v. Hanover Insurance Co.*, 820 N.E.2d 855, 858 (N.Y. 2004). And "[c]ompliance with these requirements is a condition precedent to a direct action against the insurance company." *Id.* Thus, any interest that the Estate may have in the coverage dispute here is speculative, in that it necessarily depends on the future satisfaction of three statutory preconditions. Because the Estate's interest is "contingent upon events that have not yet occurred," it is not yet legally protected, and thus is not cognizable pursuant Rule 19. *Cf. National Fire Insurance Co. of Hartford v. Starbro Construction Corp.*, No. 08-CV-3200 (NGG), 2009 WL 2602281, at *5 (E.D.N.Y. Aug. 24, 2009) (applying this reasoning under Rule 24); *NAP, Inc. v. Shuttletex, Inc.*, 112 F. Supp. 2d 369, 377–78 (S.D.N.Y. 2000) (same).[7]

Second, even if the Estate had a cognizable interest, it would not be a necessary party because any impairment of its interest would not be caused by its absence. As the Second Circuit has explained, "necessary parties under Rule 19(a)[(1)(B)(i)] are only those parties whose ability to protect their interests would be impaired *because of* that party's absence from the litigation." *MasterCard International Inc. v. Visa International Service Association, Inc.*, 471 F.3d 377, 387 (2d Cir. 2006). But here any impairment to

---

[7] While *Starbro* and *NAP* were decided pursuant Rule 24, the Second Circuit has explained that Rule 24(a)(2) and Rule 19(a)(1)(B) "are intended to mirror each other." *MasterCard International Inc. v. Visa International Service Association, Inc.*, 471 F.3d 377, 390 (2d Cir. 2006).

the Estate's interest that would result from a judgment against Shree Aum would be caused by Shree Aum's improper procurement of the Policy. *Starbro*, 2009 WL 2602281, at *5; *see also MasterCard*, 471 F.3d at 388. And the Estate, as "a stranger to th[at] contractual dispute," "cannot change this fact" through participation in this action. *MasterCard*, 471 F.3d at 390. In other words, the Estate has nothing to contribute to the dispute in this case: whether Shree Aum made material misrepresentations in its insurance application. Thus, the Estate's "ability to protect its interest will not be impaired or impeded *because*" of its absence from this case. *Id.*; *see also Starbro*, 2009 WL 2602281, at *5.

Insofar as Shree Aum argues that the Estate's interests may be impaired because it may wish to make different arguments in this action than Shree Aum has, the Court cannot agree. Doc. 50 at 3; *see Clarendon Place Corp. v. Landmark Insurance Co.*, 182 A.D.2d 6, 10 (1st Dep't 1992) ("That [an injured party] may be collaterally estopped from contesting any adverse coverage ruling as a result of the determination made in [a] proceeding [between the insurer and insured] is not a basis upon which to confer standing on him." (citing *D'Arata v. NY Century Mutual Fire Insurance Co.*, 564 N.E.2d 634, 637 (N.Y. 1990)). That is because, in asserting a post-judgment action against the insurer pursuant to § 3420, an injured party "'stands in the shoes' of the insured and can have no greater rights than the insured." *Id.* Thus, his right to "proceed[] directly against [the insurer]" obtains from his status "as a subrogee of the insured's rights" and thus "is subject to whatever rules of estoppel would apply to the insured." *Id.*

In sum, the Court concludes that Estate is not a necessary party pursuant to Rule 19(a)(1)(B)(i); thus, its absence cannot warrant dismissal pursuant to Rule 19(b). *Viacom International*, 212 F.3d at 724. Shree Aum's motion to dismiss is therefore denied.

### B. Mt. Hawley's Motion for Summary Judgment

Having rejected Shree Aum's arguments for dismissal, the Court proceeds to Mt. Hawley's motion for summary judgment.

9

*1. Legal Standard*

*a. Summary Judgment*

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). There is no genuine dispute of material fact where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *McKinney v. City of Middletown*, 49 F.4th 730, 737 (2d Cir. 2022) (quoting *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001)). The court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

Here, Shree Aum only "opposes summary judgment to the extent that [the case] lack[s] a necessary party in the lawsuit, i.e., the [E]state." Doc. 45 at 2; *see also* Doc. 50 at 3 ("Shree Aum has not opposed the arguments of summary judgment . . . ."). Thus, Mt. Hawley's summary judgment motion is essentially unopposed. Where a motion for summary judgment is unopposed, a court is still required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted). In other words, the court may not grant an unopposed summary judgment motion "without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

*b. Insurance Law Section 3105*

The parties agree that, pursuant to the choice-of-law provision in the Policy, New York substantive law governs this dispute. *See* Doc. 40 at 9–12 (Mt. Hawley's motion); Doc. 45 ¶ 5, 7 n.1 (Shree Aum's opposition brief). Their "consent is, of course, sufficient

10

to establish the applicable choice of law." *Arch Insurance Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 (2d Cir. 2009).

Section 3105 of New York Insurance Law governs the rescission of insurance policies based on misrepresentations in an insurance application.  It renders a policy "subject to recission by the insurer if, and only if, its issuance was based on material misrepresentations in the application for coverage." *Union Mutual Fire Insurance Co. v. OHR Makif LLC*, No. 22-CV-2025 (JPO), 2023 WL 5576877, at *3 (S.D.N.Y. Aug. 29, 2023).  A misrepresentation is "material" if "knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract."  N.Y. Ins. Law § 3105(b)(1).

To show materiality, "it is only necessary that the evidence show that the insurer would not have issued 'this *exact same* policy if it had known of such facts.'"  *OHR Makif LLC*, 2023 WL 5576877, at *3 (quoting *McLaughlin v. Nationwide Mutual Fire Insurance Co.*, 8 A.D.3d 739, 777 (3d Dep't 2004)).  In doing so, "the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy if the correct information had been disclosed in the application." *2900 Stillwell Ave., LLC v. US Underwriters Insurance Co.*, 172 A.D.3d 1143, 1144 (2d Dep't 2019).

### 2.  *Discussion*

The Court concludes that Mt. Hawley has met its burden to show that it was entitled to rescind the policy pursuant to section 3105.  First, the undisputed facts demonstrate that there was a misrepresentation on Shree Aum's insurance application: Shree Aum concedes that, contrary to its responses to the "Hotel/Motel Supplemental Application," it had contracted with a third party for armed security services on the hotel premises.  Doc. 47 ¶ 1; Doc. 37-6 at 1; Doc. 39 ¶ 14.  In representing that there were not

11

security guards on the property—and failing to answer the relevant follow-up questions—Shree Aum thus made false representations of present fact.

The uncontradicted evidence also establishes that these misrepresentations were material. In its Rule 56.1 counterstatement, Shree Aum concedes that, "[p]ursuant to Mt. Hawley's underwriting guidelines, had [it] not misrepresented its use of subcontracted armed security guards, the policy (if issued at all) would have been issued with assault and battery and firearms exclusions." Doc. 39 ¶ 20; Doc. 47 ¶ 1. Mt. Hawley has also presented evidence that supports this admission. This includes its underwriting guidelines, which require that assault and battery coverage be excluded for "[r]isks that provide their own security (employed or under contract)," Doc. 37-9 at 34; Doc. 39 ¶ 21, and state that when these exclusions apply, they "automatically trigger the Firearms Exclusion" and the use of form RBGB 628 for firearms exclusions, Doc. 37-9 at 34; Doc. 39 ¶¶ 22–23. In deposition testimony, Mt. Hawley's underwriter, Eric White, also confirmed that these exclusions were mandatory and would have applied had Shree Aum acknowledged that there were security guards on the premises. Doc. 37-5 at 27–35. Yet, the Policy contained none of these exclusions. Given the modest evidentiary burden that applies to section 3105's materiality inquiry, *see Makif LLC*, 2023 WL 5576877, at *3–4 (collecting cases), Mt. Hawley is therefore entitled to summary judgment.

### C. Shree Aum's Request to Transfer the Third-Party Action

Although that should end the matter, the Court must address a final request that Shree Aum makes in its brief in opposition to Mt. Hawley's summary judgment motion. There, Shree Aum argues that "[i]f the Court grants summary judgment, then the third-party action should be severed for a separate trial" and "the Court should consider transferring venue to Oklahoma." Doc. 45 ¶ 7 & n.1. Shree Aum contends that transfer would be proper because the third-party action has "no nexus to New York"; in support of that contention, Shree Aum highlights that "all the transactions occurred in Oklahoma,"

Shree Aum and Lancaster are not based in New York,[8] and, as a non-party to the Policy, Lancaster is not bound to its New York choice of law and venue provision.  *Id.* ¶ 7 n.1.

In making this request, Shree Aum failed to comply with Local Civil Rule 7.1(a)(4), which requires that "an opposing party who seeks relief that goes beyond the denial of the motion" file a "notice of motion, or an order to show cause signed by the court, [that] specif[ies] the applicable rules or statutes pursuant to which the motion is brought, and . . . the relief sought by the motion."[9]  Loc.Civ.R. 7.1(a)(4), (a)(1).  Shree Aum's request is also directed toward the wrong party:  it is Lancaster—not Mt. Hawley—that has a stake in whether the third-party action is transferred.  Thus, the inclusion of Shree Aum's transfer argument in its brief in opposition to Mt. Hawley's summary judgment motion was inappropriate.

The Court is mindful, however, of Federal Rule of Civil Procedure 1 and the "strong 'preference for resolving disputes on the merits.'" *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (quoting *Powerserve International, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)).  Moreover, even if the Court disregarded Shree Aum's request on procedural grounds, it would still possess the authority to transfer the third-party action on its own initiative.  *Estate of Leventhal ex rel. Bernstein v. Wells Fargo Bank, N.A.*, No. 14 Civ. 8751 (ER), 2015 WL 5660945, at *5 (S.D.N.Y. Sept. 25, 2015).  Thus, rather than reject Shree Aum's request outright, the Court will "allow the parties to present their views" on the transfer question.  *Id.*  Lancaster is therefore directed to explain in a letter-brief not to exceed three pages, by March 5, 2026, its position on whether the third-party action should be transferred.  If Lancaster opposes transfer, Shree Aum may submit a three-page letter-brief in response by March 12, 2026.

---

[8]  Lancaster is based in North Carolina.  Doc. 11 ¶ 3; Doc. 19 ¶ 3.

[9]  Shree Aum also fails to explicitly address the multi-factor transfer inquiry.  *See Weekes v. Outdoor Gear Exchange, Inc.*, No. 22 Civ. 1283 (ER), 2023 WL 2368989, at *3 (S.D.N.Y. Mar. 6, 2023).

13

**IV.     CONCLUSION**

In sum, the Court denies Shree Aum's motion to dismiss and grants Mt. Hawley's motion for summary judgment.  Lancaster and Shree Aum are directed to file letter briefs regarding Shree Aum's request to transfer the third-party action pursuant to the schedule set forth above.

The Clerk of the Court is respectfully directed to terminate the motions.  Docs. 36, 42.

It is SO ORDERED.

Dated:    February 26, 2026
          New York, New York

_____
          EDGARDO RAMOS, U.S.D.J.